IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSE SANTOS RIVERA-ECHAVARRIA | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv258 |
| C. ALEXANDER | § | |

## MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Jose Santos Rivera-Echavarria, a federal prisoner confined in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

Petitioner was convicted of illegally reentering the country after deportation in the United States District Court for the Southern District of Texas. On April 12, 2002, petitioner was sentenced to seventy months of imprisonment and three years of supervised release. Petitioner alleges the judgment was affirmed on appeal.

The issues raised in this petition do not challenge the manner in which petitioner's sentence is being executed. Instead, the petition attacks the constitutionality of his conviction. While a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence is executed, *United States v. Cleto*, 956 F.2d 83 (5th Cir. 2992), a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is the proper method for

challenging the conviction or sentence itself. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Section 2255 provides the primary means of collateral attack on a federal sentence").

As petitioner is challenging his conviction and sentence, the court will construe this filing as a motion to vacate, set aside or correct sentence. A motion to vacate sentence must be filed in the district where the person seeking relief was sentenced. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129 (5th Cir. 1987). Petitioner was convicted and sentenced in the United States District Court for the Southern District of Texas. Therefore, this action shall be transferred to that court.

## Conclusion

In accordance with the foregoing, this action will be transferred to the United States District Court for the Southern District of Texas. An order transferring the case will be entered in accordance with this Memorandum Opinion.

SIGNED this 15th day of April, 2005.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE